IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ALGERNON J. MONROE,            )
                               )
          Plaintiff,           )
                               )
     v.                        )        1:15CV171
                               )
STATE OF NORTH                 )
CAROLINA, et al.,              )
                               )
          Defendants.          )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Docket Entry 2), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 6) and Plaintiff's Motion to Appoint Counsel (Docket Entry 3). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), for failure to state a claim and for seeking monetary relief against immune defendants, and will deny Plaintiff's Motion to Appoint Counsel.

LEGAL BACKGROUND

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or

secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

2

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

A second ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under the Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

3

cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

DISCUSSION

Plaintiff's Complaint names the State of North Carolina, Elaine Bushfan, Geri Nettles, Danielle Briggs, and Doretta L. Walker as Defendants. (Docket Entry 6 at 1.) Defendant Bushfan serves as a North Carolina Superior Court Judge, see Superior Court Judge Elaine M. O'Neal Bushfan, Durham County - District 14, The North Carolina Court System, http://www.nccourts.org/County/Durham/Staff/SCJudges/emobushfan.asp (last visited Apr. 13, 2015), and Defendant Walker serves as a North Carolina District Court Judge, see District Court Judge Doretta L. Walker, Durham County - District 14, The North Carolina Court System, http://www.nccourts.org/County/Durham/Staff/DCJudges/dlwalker.asp (last visited Apr. 13, 2015). Defendants Nettles and Briggs serve as Senior Assistant County Attorneys assigned to the Durham County Department of Social Services. See Staff Listing, Durham County, http://dconc.gov/government/departments-a-e/county-attorney/staff-listing (last visited Apr. 13, 2015).

The Complaint alleges:

[Plaintiff] was charged with [a]bandonment and illegally had his due process rights denied. He was jailed without any hearing on using his Veterans Administration Disability Compensation as required by United States [f]ederal [l]aws. [Plaintiff] has over $20,000 worth of illegal state debt because the North Carolina Child [S]upport Agency is using his Disability Compensation to make his [c]hild support a major portion of his living

4

>expenses. It is illegal to use Veterans Disability Compensation for anyone else other than the disabled veteran. The VA actually gives spouses and children their own allowance, and when the twice married Cheryl Jones was asked why she did not seek those funds she responded "she did not want them."

(Docket Entry 6 at 1.) As a result, Plaintiff alleges that he "lost his job, his home, and then his tax returns." (Id.) Based on the foregoing, Plaintiff alleges violations of the Due Process Clause of the Fourteenth Amendment, the Veterans Disability Compensation Act, the Veterans Benefits Act of 2010, and the Americans with Disabilities Act (ADA). (Id. at 2.) Plaintiff seeks damages in the amount of ten million dollars and, further, for the Court to "[v]acate the [c]harges filed against reasons of retaliation by Defendants." (Id.)

Although a cause of action exists for deprivations of federal constitutional and statutory rights, see generally Wyatt v. Cole, 504 U.S. 158, 161 (1992) (discussing 42 U.S.C. § 1983), Plaintiff has failed to include any allegations in the Complaint concerning any of the individual Defendants (see Docket Entry 6 at 1-32) and thus his Complaint fails to state a claim as to those Defendants. In the alternative, all the individual Defendants enjoy absolute immunity from suit under the circumstances presented.

As to Defendants Bushfan and Walker, judges enjoy absolute immunity for actions taken in their judicial capacity. See generally Mireles v. Waco, 502 U.S. 9, 9-12 (1991). Such "immunity applies even when the judge is accused of acting maliciously and

5

corruptly," Pierson, 386 U.S. at 554, and may only be overcome for actions not taken in the judge's judicial capacity or those taken in the complete absence of all jurisdiction, see Mireles, 502 U.S. at 11. Although Plaintiff does not describe the nature of his claims as to Defendants Bushfan and Walker (see Docket Entry 6 at 1-2), he has attached several court documents concerning his child support nonpayment which contain Defendant Walker's signature (id. at 17, 19, 28-30). Based on that documentation, and the absence of any allegations to suggest otherwise, the Court infers that Plaintiff seeks to sue Defendants Bushfan and Walker for their apparent role in adjudicating his child support cases. Judicial immunity bars any such claim against Defendants Bushfan and Walker.

Defendants Nettles and Briggs also enjoy absolute immunity from suit. Although Plaintiff's Complaint provides no allegations concerning Defendants Nettles and Briggs, the Court presumes that, based on their positions as county attorneys for the Durham County Department of Social Services, Plaintiff seeks to sue these Defendants for initiating civil proceedings to collect unpaid child support. "[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process." Burns v. Reed, 500 U.S. 478, 486 (1991) (internal citation and quotation marks omitted). Although Defendants Nettles and Briggs do not hold

6

the title of prosecutor, "agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts," Butz v. Economou, 438 U.S. 478, 515 (1978). The process of initiating a judicial proceeding and presenting the state's case to enforce child support obligations represents a prosecutorial function. See, e.g., Davis v. Self, 547 F. App'x 927, 932 (11th Cir. 2013) (concluding that state officials who initiate civil child support proceedings enjoy absolute immunity from suit for damages). Therefore, prosecutorial immunity bars any claim against Defendants Nettles and Briggs related to their decision to bring proceedings against Plaintiff for unpaid child support.

Next, sovereign immunity bars Plaintiff's claim against the State of North Carolina. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits . . . ." Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). States and state agencies thus do not constitute "persons" subject to suit under § 1983, id. at 67-71, and, for this reason, the Court should dismiss Plaintiff's claims against the State of North Carolina.

Notwithstanding the various immunity doctrines discussed above, or to the extent that Plaintiff's Complaint also seeks injunctive relief, the Complaint still fails to state a claim. Plaintiff's Complaint refers generally to the Veterans Disability Compensation Act and the Veterans Benefits Act of 2010 to support his contention that Defendants improperly included disability compensation payments in calculating child support payments. (Docket Entry 6 at 1-2.) Although veterans benefits have been exempted from, inter alia, taxation and creditors' claims, see 38 U.S.C. § 5301(a)(1), the United States Supreme Court has addressed Plaintiff's position and concluded that this provision does not prevent a state from considering such benefits to calculate child support payments, see generally Rose v. Rose 481 U.S. 619, 630-34 (1987).

In that regard, "[v]eterans' disability benefits compensate for impaired earning capacity and are intended to provide reasonable and adequate compensation for disabled veterans *and their families*." Id. at 630 (internal citation and quotation marks omitted) (emphasis in original). Accordingly, "state contempt proceedings to enforce a valid child support order coincide with Congress' intent to provide veterans' disability compensation for the benefit of both [the veteran] and his dependents." Id. at 631; see also Case v. Dubaj, Civ. A. No. 08–347, 2011 WL 3806291, at *4 (W.D. Pa. Aug. 29, 2011) (unpublished) ("[T]he majority of courts

that have considered the issue have agreed with *Rose* that veterans' disability benefits are not exempt from claims for alimony, spousal support and child support."). In sum, Plaintiff's contention that Defendants violated federal law by considering his veterans disability benefits in calculating his child support payments lacks merit.[2]

As a final matter, given that Plaintiff's Complaint warrants dismissal, the Court will deny Plaintiff's Motion to Appoint Counsel.

CONCLUSION

Plaintiff's Complaint falls short as a matter of law.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 2) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Docket Entry 3) is **DENIED.**

---

[2] As noted above, Plaintiff's Complaint also cites to the ADA. (Docket Entry 6 at 2.) In light of the Supreme Court's holding in *Rose*, discussed above, and the fact that Congress passed the ADA to allow disabled individuals to participate fully in society, not to exclude them from obligations inherent to such participation, see generally 42 U.S.C. § 12101 (congressional findings and purpose as to ADA), Plaintiff has also failed to state a claim under the ADA.

9

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

            /s/ L. Patrick Auld
              **L. Patrick Auld**
      **United States Magistrate Judge**

April 22, 2015